UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN, | No. 2:23-cv-2976 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C/O PETERSON, et al., | |
| Defendants. | |

Introduction

    Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

    On December 20, 2023, defendants removed this action from state court. (ECF No. 1.) On December 28, 2023, defendants filed a request for the court to screen plaintiff's complaint. (ECF No. 4.) Good cause appearing, defendants' request is granted, and the undersigned herein screens plaintiff's complaint.

Screening Standards

    The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner raised claims that are legally

"frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous when it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989), superseded by statute as stated in Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000) ("[A] judge may dismiss [in forma pauperis] claims which are based on indisputably meritless legal theories or whose factual contentions are clearly baseless."); Franklin, 745 F.2d at 1227.

Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. However, "[s]pecific facts are not necessary; the statement [of facts] need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (quoting Bell Atlantic, 550 U.S. at 555, citations and internal quotations marks omitted). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Erickson, 551 U.S. at 93, and construe the pleading in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Davis v. Scherer, 468 U.S. 183 (1984).

////

////

Plaintiff's Claims

Named as defendants are Correctional Officers Peterson, Williams and McDonald, Jeff Lynch, Dr. Jian Ma, Clinician Strong and Dr. Anderchuck. Plaintiff alleges that defendants threatened to kill and assault plaintiff, and purposefully left plaintiff uncuffed so they could assault plaintiff during escort. Plaintiff alleges that defendant Peterson called plaintiff a snitch in front of the inmate population which put plaintiff's life in danger. Plaintiff also alleges that defendant Peterson put plaintiff in unsafe living conditions. Plaintiff alleges that defendant Peterson took these actions to retaliate against plaintiff for filing grievances and citizen's complaints against him. Plaintiff alleges that defendants Peterson, Williams, McDonald, Anderchuck Strong and Ma worked in tandem to deny plaintiff medical and mental health care.

Plaintiff appears to allege that defendants Peterson, Williams and McDonald forced plaintiff to get out of his wheelchair and crawl to a non-ADA accessible cage in violation of the Americans with Disabilities Act ("ADA").

Plaintiff also appears to allege that defendants Strong and Anderchuck worked together to have plaintiff's personal and legal property destroyed. Plaintiff also alleges that these defendants falsified mental health records stating that plaintiff was fine when plaintiff was not fine. Plaintiff alleges that defendants Strong and Anderchuck destroyed photographs of plaintiff's family members who had passed away.

Discussion

Attached to plaintiff's complaint are exhibits A-E. (ECF No. 1 at 11-68.) The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. Accordingly, in screening plaintiff's complaint, the undersigned considers only the allegations in the complaint without reference to the exhibits, unless otherwise noted. (Id. at 6-10.)

*Alleged Threats and Assaults*

Plaintiff alleges that defendants threatened to kill and assault plaintiff, and purposefully left plaintiff uncuffed so they could assault plaintiff during escort.

////

While verbal harassment is usually not sufficient to state an Eighth Amendment claim, the Ninth Circuit has left open the possibility that comments that are "unusually gross even for a prison setting" and are "calculated to and [do] cause ... psychological damage" may violate that provision. Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996).

Plaintiff's claim that defendants threatened to kill and assault him is vague and conclusory. Ivey v. Board of Regents, 673 F2d 266, 268 (9th Cir. 1982) (vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient). Plaintiff does not allege when or where each defendant threatened to kill and assault him. Plaintiff also does not describe the specific threats allegedly made by each defendant. Accordingly, this claim is dismissed.

In grievance 298993, attached to the complaint as exhibit B, plaintiff alleges that on or around August 25, 2022, defendant Williams told plaintiff that the next time defendant Williams pulls plaintiff out for an escort to group, defendant Williams will slam plaintiff face first into the ground and stomp on plaintiff's head. (ECF No. 1 at 20.) If plaintiff's claim alleging that defendants threatened to assault and kill plaintiff is based on this allegation against defendant Williams, plaintiff shall clarify this matter in an amended complaint.[1]

Plaintiff alleges that defendants left him uncuffed so they could assault plaintiff during escort. "[W]henever prison officials stand accused of excessive physical force in violation of the [Eighth Amendment], the core judicial inquiry is ... whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6–7 (1992). In analyzing an excessive force claim, courts consider the following factors: the need for the application of force, the relationship between the need and the amount of force used, the extent of the injury suffered, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. See id. at 7.

////

---

[1] The undersigned makes no finding regarding whether plaintiff's claim based on the August 25, 2022 incident is potentially colorable because it is unclear whether plaintiff is raising this claim.

Plaintiff's claim that defendants left him uncuffed so they could assault him is dismissed as vague and conclusory. Ivey, supra. Plaintiff does not clearly identify the defendants who allegedly assaulted him during escort. Plaintiff also fails to describe when and where the alleged assaults occurred. Plaintiff also does not describe how defendants assaulted him and the injuries plaintiff suffered as a result of the assaults. It is also unclear to the undersigned how leaving plaintiff uncuffed aided defendants in their alleged assaults on plaintiff. If plaintiff files an amended complaint, he shall address these matters.

*Alleged Calling Plaintiff a Snitch*

Plaintiff alleges that defendant Peterson called plaintiff a snitch in front of the inmate population which put plaintiff's life in danger. "The Eighth Amendment requires prison officials to protect inmates from violence," Wilk v. Neven, 956 F.3d 1143, 1147 (9th Cir. 2020) (citing Farmer v. Brennan, 511 U.S. 825, 833 (1994)), and labeling a prisoner a "snitch" in the presence of other inmates is sufficient to state a claim of deliberate indifference to an inmate's safety, Valandingham v. Bojorquez, 866 F.2d 1135, 1139 (9th Cir. 1989). If a prisoner faces a substantial risk of serious harm, he need not wait until he actually suffers an attack before asserting a deliberate indifference or threat-to-safety claim. See Helling v. McKinney, 509 U.S. 25, 33 (1993) ("That the Eighth Amendment protects against future harm to inmates is not a novel proposition.").

Plaintiff's claim alleging that defendant Peterson called plaintiff a snitch is vague and conclusory. Ivey, supra. Plaintiff does not allege when and where defendant Peterson called plaintiff a snitch. Without this information, the undersigned cannot determine whether plaintiff states a potentially colorable Eighth Amendment claim. Accordingly, this claim is dismissed with leave to amend.

Attached to plaintiff's complaint as exhibit D are documents related to grievance no. 310474. (ECF No. 1 at 51-58.) In this grievance, plaintiff claimed that defendant Peterson called plaintiff a "snitch" for utilizing the 602 process against defendant Peterson. (Id. at 54.) Plaintiff attached to his grievance declarations by inmates Moreno and Valdez. (Id. at 57, 58.) Both inmates Moreno and Valdez state that they heard defendant Peterson call plaintiff a snitch for

filing grievances against defendant Peterson.  (Id.)

Prison officials may violate the Eighth Amendment by labeling prisoners as snitches on other inmates in front of other inmates.  See Mitchell v. Baeza, 2023 WL 8878597, at *8 (E.D. Cal. Dec. 22, 2023) (labeling an inmate a snitch in response to his filing of grievances in order to subject him to retaliation by fellow inmates states cognizable claim) (citing Valandingham, supra).  Plaintiff does not allege that defendant Peterson accused plaintiff of snitching on other inmates in front of other inmates.  Instead, plaintiff alleges that defendant Peterson accused plaintiff of snitching on defendant Peterson in front of other inmates.  These allegations do not state a potentially colorable Eighth Amendment claim.

*Alleged Unsafe Living Conditions*

Plaintiff alleges that defendant Peterson subjected plaintiff to unsafe living conditions.

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners from inhumane conditions of confinement.  Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. at 847 and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)).  While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain.  Morgan, 465 F.3d at 1045. Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety.  See Farmer, 511 U.S. at 832; Keenan v. Hall, 83 F.3d at 1089.

Plaintiff does not describe the unsafe living conditions defendant Peterson allegedly subjected him to.  Plaintiff also fails to describe how defendant Peterson subjected him to these conditions.  Accordingly, this claim is dismissed because it is vague and conclusory.  Ivey, supra.

*Alleged Retaliation*

Plaintiff alleges that defendant Peterson subjected him to unsafe living conditions in retaliation for plaintiff filing grievances against him.  "Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action

did not reasonably advance a legitimate correctional goal." Rhodes v. Robinson, 408 F.3d 559, 567–68 (9th Cir. 2005).

Plaintiff's retaliation claim is dismissed because it is vague and conclusory. Ivey, supra. While plaintiff identifies the alleged adverse action as unsafe living conditions, plaintiff does not describe these conditions. Plaintiff also fails to describe defendant Peterson's involvement in subjecting plaintiff to these conditions. Plaintiff fails to describe the specific grievances he filed on which the retaliation claim is based. Plaintiff fails to allege any facts supporting his claim that defendant Peterson subjected him to unsafe living conditions because plaintiff filed grievances against him. If plaintiff files an amended complaint, he shall address these matters.

*ADA Claim*

Plaintiff appears to allege that defendants forced plaintiff to get out of his wheelchair and crawl to a non-ADA accessible cage in violation of the Americans with Disabilities Act ("ADA").

Title II of the ADA provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. This prohibition extends to inmates in state prisons. Pennsylvania Dep't of Corr. v. Yeskey, 524 U.S. 206, 213 (1998).

To state a claim under Title II, the plaintiff must allege four elements: (1) the plaintiff is an individual with a disability; (2) the plaintiff is otherwise qualified to participate in or receive the benefit of some public entity's services, programs, or activities; (3) the plaintiff was either excluded from participation in or denied the benefits by the public entity; and (4) such exclusion, denial of benefits or discrimination was by reason of the plaintiff's disability. Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1021 (9th Cir. 2010), overruled in part on other grounds by Castro v. County of Los Angeles, 833 F.3d 1060 (9th Cir. 2016).

Plaintiff's claim that defendants forced plaintiff to crawl to a non-ADA cage does not state a potentially colorable ADA claim because plaintiff fails to allege that this incident caused plaintiff to be excluded from participation in or denied a benefit. Accordingly, this claim is dismissed.

The undersigned observes that grievance 313069, attached as exhibit A to the complaint, may address the ADA claim raised in the complaint. (ECF No. 1 at 11-18.) In grievance 313069, plaintiff alleged that defendant Peterson and Officer Yang did not accommodate plaintiff with a wheelchair when requested for mobility issues to attend the EOP Services. (Id. at 17.) Plaintiff alleged that defendant Peterson stated, "if you can't walk, then you are refusing." (Id.) An investigation by prison officials sustained plaintiff's claims raised in grievance 313069, finding, "The investigation or inquiry disclosed a preponderance of evidence to prove the allegation(s) made in the complaint." (Id.)

If plaintiff files an amended complaint, plaintiff shall clarify whether his ADA claim is based on the claims raised in grievance 313069. Plaintiff shall also clarify whether he was denied access to EOP Services based on defendants' alleged failure to provide him with a wheelchair. Plaintiff shall also address when and where these alleged incidents occurred.[2]

*Alleged Denial of Medical and Mental Health Treatment*

Plaintiff alleges that defendants Peterson, Williams, McDonald, Anderchuck, Strong and Ma worked together to deny him medical and mental health treatment. This claim is dismissed as vague and conclusory. Ivey, supra. Plaintiff does not describe the medical and/or mental health treatment he was allegedly denied. Plaintiff also does not describe the actions of the defendants that caused plaintiff to be denied medical and/or mental health treatment. If plaintiff files an amended complaint, he shall clarify these matters.

Plaintiff also alleges that defendants Strong and Anderchuck falsified mental health records to state that plaintiff was fine when plaintiff was not fine. These allegations are dismissed as vague and conclusory. Ivey, supra. If plaintiff files an amended complaint raising this claim, plaintiff shall address when defendants Strong and Anderchuck allegedly falsified his mental health records. Plaintiff shall also describe the allegedly false records. Plaintiff shall also describe how he was "not fine" at the time defendants allegedly falsified his records. Plaintiff

---

[2] The undersigned makes no finding regarding whether the claims raised in grievance 313069 are potentially colorable because it is unclear whether plaintiff is raising the claims raised in this grievance.

8

shall describe any injury he suffered as a result of the allegedly falsified records.

A prisoner's claim of inadequate medical or mental health care constitutes cruel and unusual punishment in violation of the Eighth Amendment where the mistreatment rises to the level of "deliberate indifference to serious medical needs." Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)). The two-part test for deliberate indifference requires plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent." Jett, 439 F.3d at 1096.

A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety." Farmer v. Brennan, 511 U.S. at 837. "Deliberate indifference is a high legal standard," Simmons v. Navajo Cty. Ariz., 609 F.3d at 1019; Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096. In applying this standard, the Ninth Circuit has held that before it can be said that a prisoner's civil rights have been abridged, "the indifference to his medical needs must be substantial. Mere 'indifference,' 'negligence,' or 'medical malpractice' will not support this cause of action." Broughton v. Cutter Labs., 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105–06). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990).

Plaintiff shall consider the legal standards set forth above if he files an amended complaint raising claims for denial of medical and/or mental health care.

In grievance 298993, attached to the complaint as exhibit B, plaintiff claimed that on or around August 25, 2022, defendant Williams refused to take plaintiff to group therapy after falsely reporting that plaintiff was hostile and loud. (ECF No. 1 at 20-32.) Grievance 334186, attached as Exhibit C, appears to raise the same claims as grievance 298993. (Id. at 33-50.) If plaintiff's claim alleging denial of medical and/or mental health care is based on the August 25,

2022 incident, plaintiff shall clarify this matter in an amended complaint.[3]

In grievance 232940, attached to the complaint as exhibit E, plaintiff claimed that on March 10, 2022, plaintiff refused to attend group therapy upon arrival because he was "isolated and left out and unable to participate." (ECF No. 1 at 62.) Plaintiff asked defendant Peterson to take him to his clinician for a one-on-one. (Id.) Defendant Peterson refused to take plaintiff to his clinician. (Id.) Plaintiff claims that defendant Peterson told plaintiff that if plaintiff refused to attend group therapy, he would be taken back to his cell. (Id.) Defendant Peterson allegedly told plaintiff that plaintiff made him (defendant Peterson) close the group therapy down. (Id.) Plaintiff claims that the next day, defendants Williams and McDonald refused to take plaintiff to group therapy because "you made us close a group because you didn't want to stay in the group." (Id.)

If plaintiff's claim alleging denial of medical and/or mental health care is based on the claims raised in grievances 232940, plaintiff shall clarify this matter in the amended complaint.[4]

*Alleged Destruction of Personal and Legal Property*

Plaintiff alleges that defendants Strong and Anderchuck worked together to have plaintiff's personal and legal property destroyed. Plaintiff alleges that defendants Strong and Anderchuck destroyed photographs of plaintiff's family members who had passed away.

The undersigned first considers plaintiff's claim that defendants Strong and Anderchuck destroyed plaintiff's personal property, including photographs of family members.

The United States Supreme Court has held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson v. Palmer, 468 U.S. 517, 533 (1984). Thus, where the state

---

[3] The undersigned makes no finding regarding whether the claims raised in grievance 298993 are potentially colorable because it is unclear whether plaintiff is raising the claims raised in this grievance.

[4] The undersigned makes no finding regarding the claims raised in grievance 232940 are potentially colorable because it is unclear whether plaintiff is raising the claims raised in this grievance.

provides a meaningful postdeprivation remedy, only authorized, intentional deprivations constitute actionable violations of the Due Process Clause.  An authorized deprivation is one carried out pursuant to established state procedures, regulations, or statutes.  Piatt v. McDougall, 773 F.2d 1032, 1036 (9th Cir. 1985); see also Knudson v. City of Ellensburg, 832 F.2d 1142, 1149 (9th Cir. 1987).

In the instant case, plaintiff alleges no facts suggesting that the alleged destruction of his personal property was authorized.  The California Legislature provided a remedy for tort claims against public officials in the California Government Code, §§ 900, et seq.  Since plaintiff has not attempted to seek redress in the state system, he cannot sue in federal court on the claim that the state deprived him of property without due process of the law.  Accordingly, plaintiff's claim alleging destruction of his personal property is dismissed.

The undersigned construes plaintiff's allegations that defendants Strong and Anderchuck destroyed plaintiff's legal property to raise a claim for violation of plaintiff's right to access the courts.

Inmates have a fundamental constitutional right of access to the courts.  Lewis v. Casey, 518 U.S. 343, 346 (1996).  However, the right is limited to direct criminal appeals, habeas petitions, and civil rights actions.  Id. at 354.  In order to state a claim for the denial of court access, a prisoner must establish that he suffered an actual injury.  Id. at 349.  "[A]ctual injury [is] actual prejudice with respect to contemplated or existing litigation, such as the ability to meet a filing deadline or to present a claim." Id. at 348.

Plaintiff's allegations that defendants destroyed his legal property does not state a potentially colorable access to the courts claim because plaintiff does not allege an actual injury to a criminal appeal, habeas or civil rights action.  Accordingly, plaintiff's access to the courts claim is dismissed.  If plaintiff files an amended complaint, he shall identify the actual injury he suffered to a criminal appeal, habeas or civil rights action as a result of the alleged destruction of his legal property.  Plaintiff shall also describe when and where the destruction of his legal property occurred.  Plaintiff shall also describe the involvement of defendants Strong and Anderchuck in the alleged destruction of his legal property.

Conclusion

For the reasons discussed above, plaintiff's complaint is dismissed with leave to amend. If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of plaintiff's constitutional rights. See, e.g., West v. Atkins, 487 U.S. 42, 48 (1988).  Also, the complaint must allege in specific terms how each named defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976).  There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading.  This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015) ("an 'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'" (internal citation omitted)).  Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

If plaintiff files an amended complaint, he may not rely on exhibits to state his claims.  In addition, plaintiff's amended complaint may not exceed fifteen pages.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Defendants' request for the court to screen plaintiff's complaint (ECF No. 4) is granted;

2. Plaintiff's complaint is dismissed.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Amendment and submit the following documents to the court:

    a. The completed Notice of Amendment; and

    b. An original of the Amended Complaint.

1 | Plaintiff's amended complaint shall comply with the requirements of the Civil Rights Act, the
2 | Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must
3 | also bear the docket number assigned to this case and must be labeled "Amended Complaint."
4 |     Failure to file an amended complaint in accordance with this order may result in the
5 | dismissal of this action.
6 |     Dated: January 12, 2024

*Kendall J. Newman* (signature)
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pang2976.14

1
2
3
4
5
6
7
8
9
10                UNITED STATES DISTRICT COURT
11              FOR THE EASTERN DISTRICT OF CALIFORNIA
12
13   DAVID PANGBORN,                    No. 2:23-cv-2976 KJN P
14                Plaintiff,
15         v.                           NOTICE OF AMENDMENT
16   C/O PETERSON, et al.,
17                Defendants.
18        Plaintiff hereby submits the following document in compliance with the court's order
19   filed_____.
20        _____        Amended Complaint
21   DATED:
22
23                                      _____
                                        Plaintiff
24
25
26
27
28