UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN, | No. 2:23-cv-2976 KJN P |
| Plaintiff, | |
| v. | ORDER |
| C/O PETERSON, et al., | |
| Defendants. | |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. On December 20, 2023, defendants removed this action from state court. (ECF No. 1.)

On January 12, 2024, the undersigned dismissed plaintiff's complaint with leave to amend. (ECF No. 5.) Pending before the court is plaintiff's amended complaint. (ECF No. 6.) For the reasons stated herein, plaintiff's amended complaint is dismissed with leave to amend.

Plaintiff's amended complaint is prepared on lined paper rather than a complaint form. The amended complaint contains plaintiff's allegations. Although it appears that the defendants in the amended complaint are the same defendants named in the original complaint, plaintiff's amended complaint does not clearly identify the defendants. In addition, plaintiff's amended complaint contains no demand for relief as required by Federal Rule of Civil Procedure 8(a)(3). Accordingly, plaintiff's amended complaint is dismissed with leave to file a second amended

complaint.[1]

Plaintiff shall prepare his second amended complaint on the form provided by the Clerk of the Court. Plaintiff's second amended complaint shall clearly identify the defendants and the relief sought.

If plaintiff files a second amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in the deprivations of plaintiff's constitutional rights. See e.g., West v. Atkins, 487 U.S. 42, 48 (1988). Also, the second amended complaint must allege in specific terms how each defendant is involved. Rizzo v. Goode, 423 U.S. 362, 371 (1976). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. Rizzo, 423 U.S. at 371; May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980).

Plaintiff is informed that the court cannot refer to a prior pleading in order to make plaintiff's second amended complaint complete. Local Rule 220 requires that a second amended complaint be complete in itself without reference to a prior pleading. In other words, plaintiff's second amended complaint shall include all allegations against all defendants.

If plaintiff files a second amended complaint, he may not rely on exhibits to state his claims. In addition, plaintiff's second amended complaint may not exceed fifteen pages.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's amended complaint is dismissed with thirty days to file a second amended complaint; failure to file a second amended complaint within that time will result in a recommendation of dismissal of this action;

2. Defendants are not required to respond to the second amended complaint until ordered by the court; and

////

////

////

---

[1] In the instant order, the undersigned makes no findings regarding the merits of the claims raised in the amended complaint.

     3.  The Clerk of the Court is directed to send plaintiff the form for a civil rights complaint by a prisoner.

Dated: January 26, 2024

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Pang2976.ame