UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID JAMES PANGBORN,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>STRONG, et al.,<br><br>　　　　　Defendants. | No. 2:23-cv-02976-DAD-CSK (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING CERTAIN CLAIMS<br><br>(Doc. No. 15) |

Plaintiff David James Pangborn is a state prisoner proceeding *pro se* in this civil rights action under 42 U.S.C. § 1983. The matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 28, 2024, the assigned magistrate judge screened plaintiff's second amended complaint ("SAC") and found that plaintiff had stated the following potentially cognizable claims[1]: (i) retaliation and deliberate indifference claims brought under the Eighth Amendment

/////

/////

/////

---

[1] Plaintiff's SAC purports to consist of three claims, but there are actually several claims brought against various defendants asserted within each of those claims. (*See* Doc. No. 12.) The findings and recommendations referred to the claims as numbered by the plaintiff. Accordingly, the undersigned has similarly referred to the plaintiff's numbered claim in parenthesis, for clarity.

1

1   against defendant Peterson (claim one)[2]; (ii) an Eighth Amendment deliberate indifference claim
2   brought against defendant Lynch (claim one); (iii) a claim under the Americans with Disabilities
3   Act ("ADA") brought against defendants Peterson, Williams, and McDonald (claim two); (iv) a
4   deliberate indifference claim brought against defendant Peterson for allegedly forcing plaintiff to
5   get out of his wheelchair and crawl on his knees (claim two); (v) an Eighth Amendment
6   retaliation claim brought against defendants Peterson, Williams, McDonald and Strong for
7   denying plaintiff access to mental health therapy in retaliation for his filing of grievances (claim
8   two); (vi) an Eighth Amendment excessive use of force claim brought against defendants
9   Williams and Peterson (claim three); (vii) an Eighth Amendment claim against defendants
10  Peterson and Williams based on alleged verbal threats to kill plaintiff (claim three); (viii)  an
11  Eighth Amendment retaliation claim brought against defendants Strong and Peterson (claim
12  three); and (ix) retaliation and deliberate indifference to plaintiff's serious medical needs claims
13  brought under the Eighth Amendment against defendant Ma.  (Doc. No. 15.)  Thus, the magistrate
14  judge issued findings and recommendations recommending that this action proceed only on the
15  claims found to be cognizable in that screening order and that all other claims and defendants be
16  dismissed from this action due to plaintiff's failure to state a cognizable claim against them.  (*Id.*)

17   The pending findings and recommendations were served on plaintiff and contained notice
18  that any objections thereto were to be filed within fourteen (14) days after service.  (*Id*. at 12.)  To
19  date, no objections have been filed, and the time in which to do so has passed.

20   In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this court has conducted a
21  *de novo* review of the case.  Having carefully reviewed the entire file, the court concludes that the
22  findings and recommendations are supported by the record and proper analysis.
23  /////

---

[2]  The pending findings and recommendations refer to cognizable Eighth Amendment claims without specifying the type of claim.  Having reviewed plaintiff's second amended complaint and the magistrate judge's analysis set forth in the findings and recommendations, the undersigned notes that plaintiff's first claim is based on his allegations that the defendants' conduct (e.g., accusing plaintiff of being a "snitch" in front of other inmates) which, if proven, would constitute deliberate indifference to plaintiff's safety in violation of the Eighth Amendment of the U.S. Constitution.

Accordingly,

1. The findings and recommendations issued on March 28, 2024 (Doc. No. 15) are adopted in full;
2. This action shall proceed only on plaintiff's claims that were found to be cognizable, as stated in this order;
3. All other claims brought by plaintiff in this action are dismissed; and
4. This action is referred back to the assigned magistrate judge for further proceedings consistent with this order.

IT IS SO ORDERED.

Dated: **June 17, 2024**

DALE A. DROZD
UNITED STATES DISTRICT JUDGE