UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O PETERSON, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2976 DAD CSK P<br><br><br>ORDER |

　　　Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for access to legal supplies and legal property and for appointment of counsel.  (ECF No. 34.)  For the following reasons, plaintiff's motion is denied.

Background

　　　This action is set for a settlement conference before Magistrate Judge Carolyn Delaney on September 9, 2024.  (ECF No. 32.)  In the minute order setting the settlement conference, Judge Delaney directed the parties to submit confidential settlement statements seven days prior to the settlement conference.  (Id.)  This action is stayed until the date of the settlement conference.  (ECF No. 33.)

///

On July 22, 2024, plaintiff filed the pending motion. (ECF No. 34.) Plaintiff alleged that on June 20, 2024, California Medical Facility ("CMF") Correctional Officer Pacada and CMF Sergeant Johnson confiscated and/or destroyed plaintiff's legal supplies (pens, paper, erasers, pencils, highlighters, rulers, tape, glue, folders) and legal property related to this action based on orders from CMF Captain Strickland. (Id.) Plaintiff stated that he could not participate in a settlement conference without access to his legal property related to this action and legal supplies. (Id.) Plaintiff also claimed that, with the exception of envelopes, he was not allowed to purchase legal supplies at the canteen. (Id.) Plaintiff also claimed that his requests to order legal supplies were denied. (Id.) Attached to plaintiff's motion was a declaration by inmate Branson Vu stating that on June 20, 2024, he personally witnessed Correctional Officer Pacada and Sergeant Johnson take almost five boxes of plaintiff's active cases and destroy/confiscate all of plaintiff's writing supplies. (Id.)

On July 25, 2024, this Court issued an order expressing concern for plaintiff's ability to participate in the September 9, 2024 settlement conference without access to his legal property related to the instant action and legal supplies. (ECF No. 35.) This Court ordered defendants to file a status report addressing plaintiff's allegations regarding plaintiff's legal property related to the instant action and legal supplies. (Id.) This Court also ordered defendants to address whether plaintiff currently has access to his legal property related to the instant action and legal supplies such as papers, pens, etc. in order to prepare for and participate in the September 9, 2024 settlement conference. (Id.)

On August 5, 2024, defendants filed a status report in response to the July 25, 2024 order. (ECF No. 37.) Defendants state that on June 19, 2024, plaintiff and inmate Branson Vu were placed in the restricted housing unit ("RHU") after the two of them received Rule Violation Reports for Extortion by Means of Force or Threat. (Id. at 5.) While not permitted to make purchases from outside vendors, inmates housed in the RHU are permitted to spend $75 per month at the CMF canteen, where they may purchase items including, in relevant part, envelopes, writing tablets and postage stamps. (Id. at 5, 17.) In addition, all RHU inmates are able to request a pen filler. (Id. at 5.) Thus, while RHU inmates may not have access to a full pen

device, they have access to a functional equivalent that is sufficient for writing purposes. (Id.) According to the CMF Litigation Coordinator, plaintiff is not classified as an indigent inmate. (Id.) If plaintiff becomes indigent, he may obtain legal materials for free. (Id. at 2.) Defendants also state that per California Code of Regulation Tit. 15, § 3044(g)(3)(F), inmates housed in the RHU are not permitted to receive or purchase packages from outside vendors, including Walkenhorst, unless and until they have been in restricted housing for over 12 months. (Id. at 2.)

Regarding plaintiff's access to his legal property, defendants state that plaintiff's property is stored in the RHU property office because plaintiff currently has fourteen boxes of materials, which far exceeds the property allowance permitted for an RHU cell. (Id. at 2.) Plaintiff retains the ability to access the items stored in the RHU property offices and to switch the box currently stored in his cell with one of the boxes currently in storage. (Id.) Defendants state that on July 3, 2024, the RHU property officer delivered fourteen boxes of legal material to plaintiff. (Id. at 5.) On July 3, 2024, plaintiff went through each box and kept approximately one after going through them all. (Id.) The RHU property officer asked plaintiff if he recovered everything he needed, to which plaintiff replied, "Yes, I'm good now." (Id. at 5-6.) Defendants provide a copy of plaintiff's "Personal Property Item" matrix, showing fourteen boxes of legal property currently in storage.[1] (Id. at 19.)

Discussion

Defendants' response to the July 25, 2024 order demonstrates that plaintiff's legal property was put in storage after plaintiff was placed in the RHU on June 19, 2024. On July 3, 2024, plaintiff was permitted to review his fourteen boxes of legal materials and retain some of his legal property in his cell pursuant to the RHU property allowance. Defendants' response also demonstrates that plaintiff has the ability to access his remaining items stored in the RHU property office and to switch the box currently stored in his cell with one of the boxes currently in

---

[1] This form states that on June 20, 2024, plaintiff's fourteen boxes of legal property were inventoried. (Id. at 37.) This form also states that on July 9, 2024 plaintiff's fourteen boxes of legal property were "issued to inmate" and describes the type of action taken as "quantity down." (Id.) This Court does not understand the description in the form of the action taken regarding plaintiff's legal property on July 9, 2024, although it may refer to the box of legal property plaintiff was allowed to retain in his cell on July 3, 2024.

3

storage. Based on defendants' response, this Court finds that plaintiff has adequate access to his legal property regarding the instant action in order to participate in the September 9, 2024 settlement conference.

Defendants' response to the July 25, 2024 does not directly address plaintiff's claim that his legal supplies were confiscated and destroyed on June 20, 2024. However, it appears that plaintiff's legal supplies may have been contained in the fourteen boxes of legal property placed in storage. In that case, plaintiff may access his legal supplies. In the alternative, defendants represent that plaintiff may purchase envelopes, paper and stamps from the canteen. In addition, defendants represent that plaintiff is provided with a pen filler for writing. Based on defendants' response, this Court finds that plaintiff has adequate access to legal supplies in order to participate in the September 9, 2024 settlement conference.

While plaintiff claims in the pending motion that prison staff at the canteen told him that he could only purchase envelopes at the canteen, this claim is contradicted by defendants' response demonstrating that plaintiff may also purchase paper and stamps at the canteen. In addition, plaintiff fails to identify the prison staff who denied plaintiff's request to purchase paper and/or stamps at the canteen. Plaintiff also fails to provide any additional evidence in support of his claim that his request to purchase paper and/or stamps at the canteen was denied, such as a copy of the Inmate Shopping List form denying such a request. (See ECF No. 37 at 17 (copy of Inmate Shopping List form).)

Accordingly, for the reasons discussed above, plaintiff's motion for access to his legal property and legal supplies is denied.

Request for Appointment of Counsel

In the pending motion, plaintiff requests that the court appoint counsel. District courts lack authority to require counsel to represent indigent prisoners in section 1983 cases. Mallard v. United States Dist. Court, 490 U.S. 296, 298 (1989). In exceptional circumstances, the court may request an attorney to voluntarily represent such a plaintiff. See 28 U.S.C. § 1915(e)(1); Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991); Wood v. Housewright, 900 F.2d 1332, 1335-36 (9th Cir. 1990). When determining whether "exceptional circumstances" exist, the court must

4

consider plaintiff's likelihood of success on the merits as well as the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.  Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009) (district court did not abuse discretion in declining to appoint counsel).  The burden of demonstrating exceptional circumstances is on the plaintiff.  Id.  Circumstances common to most prisoners, such as lack of legal education and limited law library access, do not establish exceptional circumstances that warrant a request for voluntary assistance of counsel.

Having considered the factors under Palmer, the court finds that plaintiff failed to meet his burden of demonstrating exceptional circumstances warranting the appointment of counsel at this time.

Accordingly, IT IS HEREBY ORDERED that plaintiff's motion for access to his legal supplies and legal property and for appointment of counsel (ECF No. 34) is denied.

Dated:  August 8, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pang2976.ord(4)

2

5