UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PANGBORN,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>C/O PETERSON, et al.,<br><br>　　　　Defendants. | No.  2:23-cv-2976 DAD CSK P<br><br><br>ORDER |

Plaintiff is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983.  Pending before the court is plaintiff's motion for appointment of counsel and for legal supplies filed August 19, 2024.  (ECF No. 39.)  Also pending is a pleading docketed as objections to the August 8, 2024 order filed by inmate Brandon Vu, allegedly on plaintiff's behalf.  (ECF No. 40.)  For the following reasons, plaintiff's motion is denied and the objections are disregarded.

I.　　BACKGROUND

This action is set for a settlement conference before Magistrate Judge Carolyn Delaney on September 9, 2024.  (ECF No. 32.)  In the minute order setting the settlement conference, Judge Delaney directed the parties to submit confidential settlement statements seven days prior to the settlement conference.  (Id.)  This action is stayed until the date of the settlement conference. (ECF No. 33.)

1

1        On July 22, 2024, plaintiff filed a motion for access to legal supplies and legal property and for appointment of counsel. (ECF No. 34.) In this motion, plaintiff alleged that on June 22, 2024, California Medical Facility ("CMF") Correctional Officer Pacada and CMF Sergeant Johnson confiscated and/or destroyed plaintiff's legal supplies and legal property related to this action based on orders from CMF Captain Strickland. (Id.) Plaintiff stated that he could not participate in the settlement conference without access to his legal property related to this action and legal supplies. (Id.) Plaintiff also claimed that, with the exception of envelopes, he was not allowed to purchase legal supplies at the canteen. (Id.) Plaintiff also claimed that his requests to order legal supplies were denied. (Id.)

         On July 25, 2024, this Court issued an order expressing concern regarding plaintiff's ability to participate in the September 9, 2024 settlement conference without access to his legal property related to the instant action and legal supplies. (ECF No. 35.) This Court ordered defendants to file a status report addressing plaintiff's allegations regarding plaintiff's legal property related to the instant action and legal supplies. (Id.) This Court also ordered defendants to address whether plaintiff currently had access to his legal property related to the instant action and legal supplies in order to prepare for and participate in the September 9, 2024 settlement conference. (Id.)

         On August 5, 2024, defendants filed a status report in response to the July 25, 2024 order. (ECF No. 37.) In the status report, defendants stated that on June 19, 2024, plaintiff was placed in the restricted housing unit ("RHU"). (Id. at 5.) Defendants stated that while not permitted to make purchases from outside vendors, inmates in the RHU were permitted to spend $75 per month at the CMF canteen, where they may purchase, in relevant part, envelopes, writing tablets and postage stamps. (Id. at 5, 17.) Plaintiff was not classified as an indigent inmate. (Id. at 5.) Defendants also stated that inmates in the RHU were able to request a pen filler. (Id.) Defendants stated that plaintiff's property was stored in the RHU property office because plaintiff currently had fourteen boxes of legal material which far exceeded the property allowance for an RHU cell. (Id. at 2.) Plaintiff retained the ability to access the items stored in the RHU property office and to switch the box currently stored in his cell with one of the boxes currently in storage.

1  (Id.) On July 3, 2024, the RHU property officer asked plaintiff if he recovered everything he
2  needed, to which plaintiff replied, "I'm good now." (Id. at 5-6.)
3       On August 8, 2024, this Court denied plaintiff's motion for access to legal supplies and
4  legal property and for appointment of counsel filed July 22, 2024. (ECF No. 38.) This Court
5  found that defendants' response to the July 25, 2024 order demonstrated that plaintiff's legal
6  property was put in storage after plaintiff was placed in the RHU on June 29, 2024. (Id. at 3.) On
7  July 3, 2024, plaintiff was permitted to review his fourteen boxes of legal materials and retain
8  some of his legal property in his cell. (Id.) Defendants' response also demonstrated that plaintiff
9  had the ability to access his remaining items stored in the RHU property office and to switch the
10 box currently in his cell with one of the boxes currently in storage. (Id.) This Court also found
11 that it appeared that plaintiff's legal supplies may have also been placed in storage, to which
12 plaintiff had access. (Id. at 4.) In the alternative, defendants represented that plaintiff could
13 purchase envelopes, paper and stamps from the canteen and was provided with a pen filler. (Id.)
14 Finally, this Court found that plaintiff failed to meet his burden of demonstrating exceptional
15 circumstances warranting the appointment of counsel. (Id. at 5.)
16 II.    DISCUSSION
17     A.  Plaintiff's Motion For Appointment of Counsel and Legal Supplies
18      Plaintiff's pending motion appears to be a response to defendants' status report filed
19 August 5, 2024, rather than a new motion for legal supplies and appointment of counsel. It does
20 not appear that plaintiff had received the August 8, 2024 order when he prepared the pending
21 motion, which bears Plaintiff's signature dated August 8, 2024. (See ECF No. 39 at 1.)
22 Plaintiff's filing also responds to specific issues raised in defendants' status report. This Court
23 also observes that plaintiff filed the same pleading in his other action, case no. 2:23-cv-00825
24 KJM-AC-P, which is also set for a settlement conference before Judge Delaney on September 9,
25 2024. (See ECF No. 39 at 1 (caption listing both case nos. 2:23-cv-2976-DAD-CSK and 2:23-cv-
26 00825 KJM-AC).)
27      The Court therefore interprets plaintiff's filing in this case as a response to defendants'
28 status report filed August 5, 2024, rather than as a new motion for legal supplies and appointment

3

of counsel, or as a motion for reconsideration.  In plaintiff's current filing, plaintiff alleges that Correctional Officer Pacada and Sergeant Johnson (whom plaintiff now identifies as Correctional Officer Johnson) destroyed five boxes of his property containing documents related to all of plaintiff's active cases.  (ECF No. 39 at 1.)  Plaintiff alleges that he gave up his Kosher breakfast for a stamp and envelope in order to mail the pending motion.  (Id.)  Plaintiff alleges that he was allowed to look at the legal property that was not destroyed but all the boxes issued to plaintiff since June 19, 2024 do not contain documents from the instant action.  (Id.)  Plaintiff claims that Warden Quevas denied his request for access to his legal supplies stating, "You should of thought about these losses before 602ing my staff."  (Id. at 1, 5.)  Plaintiff filed another declaration from inmate Brandon Vu in support of his claim regarding Warden Quevas's alleged statement.  (Id. at 2.)  Plaintiff alleges that his requests to go through all of his property have been denied.  (Id. at 1.)  Plaintiff requests appointment of counsel to assist him with the instant action because he has "nothing to go off of."  (Id.)

      As stated above, in the status report filed August 5, 2024, defendants represented that plaintiff had access to his fourteen boxes of legal property stored in the RHU property office.  In addition, defendants represented that plaintiff had access to a pen filler and could purchase envelopes, paper and stamps from the canteen.  Plaintiff's response to defendants' status report does not change the Court's evaluation of plaintiff's motion.  In the unlikely event that plaintiff's filing is a request to reconsider the Court's August 8, 2024 order denying plaintiff's motion filed July 22, 2024 requesting access to his legal property and legal supplies and for appointment of counsel, that request for reconsideration is denied because plaintiff has failed to establish new or different facts or circumstances that did not exist when he filed his July 22, 2024 motion.  See Local Rule 230(j) (requirements for applications for reconsideration).

      It is unclear from plaintiff's filing whether he can participate in the upcoming September 9, 2024 settlement conferences as his filing includes inconsistent statements.  On the one hand, plaintiff appears to claim that he can participate in the settlement conference set for case no. 2:23-cv-0825 KJM-AC, but not in the settlement conference set for the instant action.  (Id.)  But his filing also includes a statement that he cannot participate in "either settlement conference."  (Id.)

If plaintiff is unable to participate in either settlement conference currently scheduled for September 9, 2024, he shall promptly either file a request to continue the settlement conferences or submit a statement to Judge Delaney with the status of his participation in the upcoming settlement conferences.

B.  Objections filed August 26, 2024

On August 26, 2024, inmate Brandon Vu filed a pleading titled "Rebuttal Motion," docketed as objections to the August 8, 2024 order.  (ECF No. 40.)  In this pleading, inmate Vu states that plaintiff dictated the pleading to inmate Vu because plaintiff does not have access to paper or pen fillers.  (Id. at 1.)  This pleading appears to address the order filed August 8, 2024, as it is signed by inmate Vu on August 20, 2024.  (Id. at 3.)

Federal Rule of Civil Procedure 11 provides that every pleading, written motion or other paper must be signed by a party personally if the party is unrepresented.  The pleading filed August 26, 2024 does not comply with Rule 11 because it is not signed by plaintiff.  For this reason, the pleading filed August 26, 2024 is disregarded.

III.  CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. To the extent plaintiff's response to defendants' status report is a renewed motion for legal supplies and for appointment of counsel, or a request for reconsideration of the Court's August 8, 2024 order (ECF No. 39), plaintiff's motion is denied; and

2. The pleading filed August 26, 2024 (ECF No. 40), docketed as objections, is disregarded.

Dated:  August 28, 2024

_____
CHI SOO KIM
UNITED STATES MAGISTRATE JUDGE

Pang2976.ord(5)

2